RECEIVED

NOV 1 3 2017

U.S. District Court
Eastern District of MO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

KERRY S. WELLS,
8822 Halls Ferry Road
St. Louis, Missouri 63147

CIVIL ACTION NO. 4:17-CV-2709-AGF

       Plaintiff,

DEMAND FOR JURY TRIAL

VS.

KESSLER CORPORATION
CHARLES C. MCCLOSKEY
LINCOLN CORPORATION
DAVID MARK ALLEN
PAL G. CONKEY
    -AND-
UNKNOWN NAMED DEFENDANTS

SERVE ONLY:
CHARLES S. MCCLOSKEY
ATTORNEY AT LAW
13321 North Outer Road, ste. 100
Town and County, Missouri 63107
(314) 485-3200

       Defendants.

## PLAINTIFF KERRY S. WELLS COMPLAINT FOR PATENT INFRINGMENT

Plaintiff Kerry S. Wells (Wells) for his Complaint against the Defendants

Known and Unknown named Defendants Kessler Corporation, Charles C.

McCloskey Attorney At Law, Lincoln Corporation, Pal G. Conkey, David

Mark Allen and Unknown Named (collectively "Kessler Corporation" when

it is not necessary to distinguish between the entities and or individuals ),

alleges as follows:

## INTRODUCTION

1. Wells brings this action to protect his rights and investments/invention/

Innovations/patents embodied in utility U.S. Patent No U.S. D628,652( the

patent") design Number  Granted 12/07/2010, the Defendants, who

unlawfully, intentionally, willfully, fraudently between the date in which the

U.S. Patent Office granted his patent (see exhibit "A")(Illuminated Address

Sign). The Plaintiff retained the services of the Defendant McCloskey, who

holds himself out as a duly license and qualified Patent Attorney, who

subsequently is a engineer. McCloskey and the Plaintiff discuss the

design/invention and it was noted that there exist no such type product in the

World. After McCloskey with the services of unknown named others

perfected the invention insofar that it met the prerequisites of the U.S.

Department Of Commerce/ U.S. Patent Office in behalf of the Plaintiff Wells.

This Defendant entered is appearance with the U.S. Patent Office and was

also subjected to the attorney/client privileges. When the Patent had been

approved and prior to the Plaintiff Wells having knowledge of the Patent grant

for his invention, informed the Plaintiff Wells, that the U.S. Patent Office

required a subsequent power of Attorney. Based on information via written

correspondence the Plaintiff executed upon request of his counsel the Defendant to execute a POA which later discovered granted the authority to allow his attorney to act in his stead with respect to the invention/Patent Grant. The Plaintiff received documents that specifically stipulated that the Plaintiff was the sole person in which the Patent was granted to but not limited to the above. Although while the Patent was pending, Plaintiff had not disclosed nor discussed his invention with any other person, except the Defendant Attorney. Plaintiff was aware that while a Patent is pending that it is not protected. That same is only protected upon the Grant of the Patent by the United States Patent Office and U.S. Government entities. Plaintiff has no cause to ascertain that agents/employees of the United States Government/Commerce/Patent disclosed any information to any other party directly and or indirectly that would provide information about the pending patent of the Plaintiff Wells.

There is probable cause and good faith belief on part of the Plaintiff that the Defendant (Attorney) and others either contracted by the Defendant Attorney and or employed by the Defendant attorney violated attorney/client privileges with respect to the Plaintiff invention/Patent and or that the Defendant attorney by his unethical and unlawful and discriminatory acts, deceived the Plaintiff via a POA to allow the Defendant Attorney to assign the Patent to

other persons named in this actions and unknown named Defendants but not

limited to. Plaintiff never assigned his Patent nor did he knowingly and or

willfully authorized his Attorney any such authority to transfer and or assign

his intellectual property to any person to manufacture/reproduce and

distribute. Plaintiff at the initially cannot ascertain whether any of the named

and unknown named Defendants, with exception of the Defendant

McCloskey was aware of this Attorney/Defendant unlawful and unethical

misleading the Plaintiff when he required a subsequent POA from the Plaintiff

Wells, with exclusive intent to take away the rights of the Plaintiff. The Patent

that the Defendant has deprived the Plaintiff of is being sold via World Wide

Distribution.

The individuals who claimed to be the inventor, carried out and aided with the

aid of the Defendant Attorney McCloskey to claim they invented the Patent

and has now further either sold their interest and or receiving royalties for

which they knew they are not entitled. Plaintiff has notified the U.S. Patent

Office, all Defendants, excluding his former Attorney (McCloskey) the

Kessler Corporation and Lincoln Corporation that the products being

manufactures and or distributes Illuminated Address Signs is a direct and

proximate result of a Patent Infringement in violation of Federal law, and a

conspiracy to deny the Plaintiff his rights and discrimination due to the

Plaintiff ancestry but not limited to the above.

Plaintiff has accorded the Defendants procedural and due process to the blatant acts of the defendant regarding the acts complained herein. And the Defendants despite the warnings, Defendants has taken advantage and has continued its infringement unabated. And the Defendants own actions is responsible for this lawsuit.

2. Plaintiff Kerry S. Wells, is the inventor of Illuminated Signs and a resident of the State of Missouri, County of St. Louis.

3. Plaintiff is a citizen of the United states and is of African Ancestry.

4. Defendant Pal G. Conkey and David Mark Allen are residents of the State of Missouri, City of St, Louis who changed the name of the invention to Solar Power Address Sign with the assistance of Patent Attorney Charles C. McCloskey.

## JURISDICTION AND VENUE

5. This is an action for patent infringement, over which this Court has subject-matter jurisdiction pursuant to 28 United States Code section 1331 and 1338(a)

6. This Court has personal jurisdiction over the Defendants for at lease the following reasons (i). The Defendants has committed acts of patent

infringements and/or contributed to or induced acts of patent infringement by others in this District and continues to do so,( ii) The Defendants regularly does business or solicits business, engages in other persistent courses of conduct, and/or derives substantial venue from products provided to individuals in this District and in this State, and (iii) The Defendants has purposefully established substantial, systematic and continuous contact with this District and expects or should reasonably expects to be subjected tis Courts jurisdiction.

7. Venue is proper in this judicial District pursuant to 28 United States Code section 1391(b)-(c) and 1400 the Defendants does business in this State and District, has committed and conspired to commit acts of infringement in this State and in this District, and elsewhere, is subject to personal jurisdiction in this District but not limited to the above.

## INTRADISTRICT ASSIGNMENT

8. Pursuant to Civil L. R., this case is appropriate for assignment on a district wide basis because this is a intellectual Property action.

## CLAIMS
## DEFENDANTS INFRINGEMENT HAS CAUSED AND WILL CONTINUE TO CAUSE INJURY TO THE PLAINTIFF KELL S. WELLS

9. The Defendants infringements of the Plaintiff's invention/Patents as

pleaded above has caused injury to Kerry S. Wells in the past and will continue to cause injury in the future.

10. Kerry S. Wells is entitled to recover damages adequate to compensate for the Defendants infringement, an amount to be determined at trial. Such damages shall be in no event less than a reasonable royalty and should include lost profits and/or disgorgement of profits, to the extent permitted by law.

## PRAYER FOR RELEIF

WHEREFORE, Plaintiff, Kerry S. Wells prays the Court enter judgment and provide relief as follows:

(a) That the Defendants has engaged in a conspiracy to directly infringement and obstruct the Plaintiff Patent;

(b) That the Defendant has inducted infringement on the Plaintiff Kerry S. Wells Patent;

(c) That the defendants known and unknown named has contributed to the infringement of the Plaintiff willfully and intentionally;

(d) That the Defendants be ordered to account for any pay Wells the damages resulting from the Defendants infringement of Kerry S. Wells Patent, together

with interest and cost, and all other damages permitted by 35 United States

Code section 284 and/or 289, including enhanced damages up to three times

the amount of damages found or measured, and further including an

accounting for infringing sales not presented at trial and an award by the

Court of additional damages for any such infringing sales;

(e) That this case, including Defendants known and unknown names

prosecution of their claims be declared exceptional and Kerry S. Wells be

awarded, his cost, expenses and reasonable cost in this action pursuant to 35

United States Code section 285 and;

(f) That Kerry S. Wells be awarded such other equitable or legal relief as this

Court deems just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Pursuant to the Federal Rules of Civil Procedure 38, Kerry S. Wells demands

a jury trial on all issues so triable.

Kerry S. Wells

11/13/2017

IN THE UNITED STATES DISTRICT COURT
FOR THE ESTERN DISTRICT OF MISSOURI
EASTERN DIVISION

KERRY S. WELLS.

## MEMORANDUM FOR THE CLERK OF THE COURT

Enclosed for filing:
A. CIVIL COVER SHEET
B. PAYMENT FOR FILING $400.00
C. COMPLAINT ORGINIAL AND THREE COPIES
D. ~~636 US MAG CONSENT FORM~~
E. SUMMONS ISSUE ONLY TO CHARLES MCCLOSKEY ATTORNEY
AT LAW
F. US MARSHAL SEVICE ONLY ON ATTORNEY

BY DIR _Kerry Do Wells_

KERRY S. WELLS