UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KERRY S. WELLS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 4:17-cv-02709-AGF |
| | ) |
| KESSLER CORPORATION, | ) |
| CHARLES C. MCCLOSKEY | ) |
| LINCOLN CORPORATION, | ) |
| DAVID MARK ALLEN, | ) |
| PAL G. CONKEY, and | ) |
| UNKNOWN NAMED DEFENDANTS, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Charles C. McCloskey's motion to dismiss Plaintiff Kerry Wells's pro se complaint, and Plaintiff's motion for leave to amend his complaint. McCloskey is the only Defendant who has been served and who has entered an appearance in this matter. For the reasons set forth below, the Court will grant in part and deny in part Plaintiff's motion for leave to amend, deny as moot McCloskey's motion to dismiss the original complaint, and order Plaintiff to serve the remaining unserved Defendants within 21 days.

## BACKGROUND

On November 13, 2017, Plaintiff filed a pro se complaint in this Court, asserting one claim for patent infringement against McCloskey, Kessler Corporation, David Mark Allen, "Lincoln Corporation," "Pal G. Conkey," and various "unknown" Defendants. In his complaint, Plaintiff alleged that he retained the services of McCloskey as a patent attorney

to assist him in obtaining a patent for his invention: an "Illuminated Address Sign." Plaintiff alleges that McCloskey asked Plaintiff to execute a power of attorney granting McCloskey the authority to act on behalf of Plaintiff with respect to the patent application.

According to the complaint, Plaintiff was awarded a design patent for his invention on December 7, 2010, U.S. Patent No. D628,652. Plaintiff alleged, upon information and belief, that McCloskey then used the power of attorney to assign Plaintiff's design patent to the other Defendants without Plaintiff's knowledge or consent. Plaintiff alleged that the other Defendants, aided by McCloskey in the form of the assignment, then sold "the patent . . . via World Wide Distribution" and were receiving royalties to which they were not entitled.

McCloskey moved to dismiss Plaintiff's complaint on December 6, 2017. McCloskey argued that the complaint failed to comply with Federal Rules of Civil Procedure 8 and 10, and failed to state a claim for patent infringement or any other cause of action. McCloskey also argued that the patent had not in fact been assigned, as evidenced by the fact that the United States Patent and Trademark Office's ("PTO") public records showed that no assignment had been recorded as to U.S. Patent No. D628,652 as of the date of McCloskey's motion. McCloskey attached to his motion to dismiss a screenshot of a patent assignment search on the PTO's website, reflecting the lack of a recorded assignment from August 1980 to the present.

Plaintiff did not respond to the motion. Instead, Plaintiff filed several back-to-back motions for leave to amend his complaint, the most recent of which the Court now

2

considers.[1]  Plaintiff filed the current motion to amend his complaint on January 16, 2018.
Plaintiff's proposed amended complaint names as Defendants McCloskey, Kessler
Corporation, David Mark Allen, "Paul G. Conley," "Lincoln Industrial Corporation,"
"Vice Pres. Thomas S. Scott," Scott Allen Sanders, and Ayzik Grach, as well as the PTO
and PTO employee, Mary Ann Calabrese.  Plaintiff also names as Defendants Does
1-100.  Plaintiff proposes to assert claims for patent infringement, fraud, violation of the
Racketeer Influenced and Corrupt Organizations Act ("RICO"), and violation of the
Missouri Uniform Trade Secrets Act ("MUTSA").[2]  Plaintiff's proposed amended
complaint does not separate the claims into counts, or identify which claims are asserted
against which Defendants, so the Court will assume that Plaintiff proposes to assert all
claims against all Defendants.

In support of these claims, Plaintiff again alleges that McCloskey requested and
received a power of attorney from Plaintiff in order to unlawfully assign Plaintiff's design
patent without Plaintiff's knowledge or consent.  Specifically, Plaintiff alleges that
McCloskey added as co-inventors to the patent Defendants Allen, Conley, Sanders, and
Grach, and that McCloskey then assigned the patent to Lincoln Industrial Corporation and
Scott.

The proposed amended complaint includes no allegations against the PTO, and the
only allegation referencing Calabrese is that Calabrese "stated that she couldn't talk to

---

[1]  The Court denied Plaintiff's previously-filed motions as moot.

[2]  Plaintiff also cites 8 U.S.C. § 1324 in his complaint, but this statute deals with bringing in and harboring aliens, and is plainly inapplicable here.  Thus, any attempt to plead a claim under this statute will be denied as futile.

[Plaintiff] because [Plaintiff] was not one of the assignee[s] on the patent." ECF No. 32 at 3. The proposed amended complaint also does not name or describe the Doe Defendants, or assert any allegations against them. As relief, Plaintiff seeks statutory damages for patent infringement, fraud damages in the amount of $50 million, punitive damages in the amount of $5 million, a declaration that McCloskey violated Plaintiff's "attorney/client rights," an order that McCloskey be disbarred or that this Court submit a complaint to the Missouri Supreme Court to revoke the rights granted to McCloskey to practice law, and an order that McCloskey be prosecuted.

Plaintiff attaches to the proposed amended complaint several exhibits, including McCloskey's correspondence with Plaintiff regarding the patent application and request for a power of attorney; filings submitted to the PTO in connection with Plaintiff's patent application; screenshots of various Internet searches; and a screenshot of a PTO online search result for patent assignments, showing that there has been no record of assignment with respect to Plaintiff's patent application. The exhibit showing no record of assignment includes a disclaimer stating that "Assignment information on the assignment database reflects assignment documents that have been actually recorded. If the assignment for a patent was not recorded, the name of the assignee on the patent application publication or patent may be different." ECF No. 32-1 at Ex. 16-b, p. 45. As to this exhibit, Plaintiff states in his proposed amended complaint that "the name of the assignee may be different so it [won't] display." ECF No. 32 at 4.

McCloskey opposes the motion for leave to amend, arguing that the amendment would be futile, largely for the reasons stated in his original motion to dismiss, including

4

that the patent has not in fact been assigned, as further reflected in the exhibits to Plaintiff's proposed amended complaint. McCloskey also argues that Plaintiff fails to plead his fraud claims with particularity and fails to state a claim under RICO or the MUTSA.

## **DISCUSSION**

Under Federal Rule of Civil Procedure 15(a), a court "should freely give leave [to amend pleadings] when justice so requires." Notwithstanding this liberal standard, a court may deny leave to amend where the proposed amendment would be futile. *Reuter v. Jax Ltd.*, 711 F.3d 918, 922 (8th Cir. 2013).

In determining whether Plaintiff's proposed amended complaint is futile, the Court recognizes that a "pro se complaint must be liberally construed," meaning that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 849 (8th Cir. 2014) (quoting *Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004)). However, pro se plaintiffs "still must allege sufficient facts to support the claims advanced," and a district court is not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone*, 364 F.3d at 914-15.

As an initial matter, the Court finds that Plaintiff's claims against the PTO, Calabrese, and the Doe Defendants are futile because Plaintiff has alleged no facts related to these Defendants that would give rise to a legal cause of action. Likewise, the Court finds that the facts as alleged by Plaintiff, including a single alleged act of a false

5

assignment of a published patent, fail to give rise to a cause of action against any Defendant under RICO or the MUTSA. *See, e.g.*, *United States v. McArthur*, 850 F.3d 925, 934 (8th Cir. 2017) (holding that RICO requires a showing that the defendants engaged in (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity; that "enterprise" in this context requires "at least three structural features: a purpose, relationships among those associated with the enterprise, and longevity sufficient to permit these associates to pursue the enterprise's purpose"; and that "[a] pattern of racketeering activity requires at least two acts of racketeering activity . . ."); *Grp. One Ltd. v. Hallmark Cards, Inc.*, No. 97-1224-CIV-W-1, 1999 WL 33432165, at *7 (W.D. Mo. July 29, 1999) (holding that "[o]nce a patent issues in the United States, . . . the right of further secrecy [as required to state a trade secret claim under Missouri law] is lost, for a legal disclosure and public dedication have then been made, with a right of limited and temporary monopoly granted as a reward"). Therefore, although the Court will grant Plaintiff's motion for leave to amend in part, as discussed below, the Court will deny leave to amend with respect to any claims against the PTO and Calabrese, and any claims for violation of RICO or the MUTSA.

As to the remaining claims, beginning with patent infringement, 35 U.S.C. § 271 provides:

> (a) Except as otherwise provided in this title, whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent.
>
> (b) Whoever actively induces infringement of a patent shall be liable as an infringer.

35 U.S.C. § 271. Under § 271(b), "[f]or an allegation of *induced* infringement to survive a motion to dismiss, a complaint must plead facts plausibly showing that the accused infringer specifically intended another party to infringe the patent and knew that the other party's acts constituted infringement." *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1379 (Fed. Cir. 2017) (emphasis added). The "patentee must also show that the alleged infringer possessed the requisite intent to induce infringement, which . . . requires that the alleged infringer knew or should have known his actions would induce actual infringements." *Eli Lilly & Co. v. Teva Parenteral Medicines, Inc.*, 845 F.3d 1357, 1364 (Fed. Cir. 2017)

To state a claim of fraud under Missouri law, a plaintiff must plead facts that support each of the following elements: (1) a false, material representation; (2) the speaker's knowledge of the falsity of the representation, or his ignorance of its truth; (3) the speaker's intent that the hearer act upon the misrepresentation in a manner reasonably contemplated; (4) the hearer's ignorance of the falsity of the misrepresentation; (5) the hearer's reliance on the truth of the representation; (6) the hearer's right to rely thereon; and (7) the hearer's consequent and proximately caused injury. *Poole v. GMAC Mortg., LLC*, No. 4:11-CV-1849 NAB, 2018 WL 339413, at *5 (E.D. Mo. Jan. 9, 2018).

The proposed amended complaint, liberally construed, plausibly alleges a patent infringement claim against McCloskey for actively inducing the infringement of Plaintiff's design patent by transferring rights in the patent to individuals or entities other than Plaintiff without Plaintiff's knowledge or consent. The proposed amended complaint also

7

plausibly states a claim against McCloskey for fraud, as a result of McCloskey's alleged representations to Plaintiff regarding the need for a power of attorney and McCloskey's alleged use of and intent to use that power of attorney to effectuate the unauthorized assignment.

The Court takes judicial notice of the PTO records, attached to both McCloskey's motion to dismiss and Plaintiff's proposed amended complaint, reflecting that no assignment of Plaintiff's design patent or patent application has been recorded with the PTO. However, "recordation is a purely ministerial act and does not reflect any determination as to the validity of the document filed or its effect, if any, on the title to a patent or patent application." *Kaempe v. Myers*, 367 F.3d 958, 961 (D.C. Cir. 2004) (citing 37 C.F.R. § 3.54 (2003)). Recordation of a patent assignment may give rise to a presumption of validity of the assignment, *SiRF Tech., Inc. v. Int'l Trade Comm'n*, 601 F.3d 1319, 1327-28 (Fed. Cir. 2010), and the failure to record may render the assignment void as against any subsequent purchaser for valuable consideration and without notice, 35 U.S.C. § 261. Thus, the absence of recordation certainly undermines Plaintiff's allegation that an assignment in fact took place, and it may well be that Plaintiff's claims, which are based on the alleged assignment, fail to survive summary judgment. However, the Court cannot say at this stage that the absence of recordation, alone, definitively disproves Plaintiff's allegations or renders them implausible. *But see Kaempe*, 367 F.3d at 964-65 (dismissing as implausible a claim for conversion based on an allegation of a patent holder that his attorney caused his patent to be assigned to a corporation without his authorization,

where PTO records of which the court took judicial notice did not reflect any recorded assignment).

Next, the Court finds that the proposed amended complaint states plausible patent infringement claims against Defendants Kessler Corporation, Lincoln Industrial Corporation, Allen, Conley, Sanders, Grach, and Scott. It can be reasonably inferred from the complaint and exhibits thereto that these Defendants have sold or otherwise attempted to profit from Plaintiff's design patent without a valid assignment from Plaintiff. However, Plaintiff has not stated a plausible claim for fraud against these Defendants, having failed to allege any misrepresentation made by them. Indeed, Plaintiff does not even allege that these Defendants were aware that the alleged assignment was not valid.

Moreover, upon review of the record, the Court notes that these Defendants have not been timely served within 90 days after the filing of the complaint, as required by Federal Rule of Civil Procedure 4(m). Although some of them were identified in the original complaint under slightly different names or as "unknown" Defendants, Plaintiff was still required to effect service within Rule 4(m)'s time period. *See, e.g.*, *Lee v. Airgas - Mid S., Inc.*, No. 5:13-CV-05172, 2014 WL 3928243, at *4 (W.D. Ark. Aug. 11, 2014) (finding that, where a defendant was named in the original complaint, albeit as John Doe 1, and identified in a later amendment, in the absence of an extension, the plaintiff was required to serve the defendant within the time period stated in Rule 4(m), running from the date of filing of the original complaint). Nevertheless, Rule 4(m)'s time limit must be extended for an appropriate period if the plaintiff shows good cause for the failure to timely serve. Fed. R. Civ. P. 4(m). In his motion for leave to amend, Plaintiff asserts that he

9

relied on the erroneous advice of a paralegal to only serve McCloskey and not the other Defendants. Therefore, the Court will grant Plaintiff an additional 21 days to effect proper service, in accordance with Rule 4, on the remaining unserved Defendants.

## CONCLUSION

Accordingly,

**IT IS FURTHER ORDERED** that Plaintiff's motion for leave to amend is **GRANTED in part and DENIED in part**, as set forth above. ECF No. 27. The motion is **GRANTED** <u>solely</u> as to the following claims: (1) patent infringement against Defendant Charles C. McCloskey, Kessler Corporation, David Mark Allen, Paul G. Conley, Lincoln Industrial Corporation, Thomas S. Scott, Scott Allen Sanders, and Ayzik Grach, and (2) fraud against Defendant Charles C. McCloskey only. The motion is **DENIED** as to any claims against United States Patent and Trademark Office, Mary Ann Calabrese, or the Doe Defendants; any claims under 8 U.S.C. § 1324, the Racketeer Influenced and Corrupt Organizations Act, or the Missouri Uniform Trade Secrets Act; and any claim for fraud against any Defendant other than McCloskey, as such amendment would be futile.

**IT IS FURTHER ORDERED** that the Clerk of Court shall file ECF No. 32 as Plaintiff's amended complaint, which will be deemed to be limited in the manner set forth above.

**IT IS FURTHER ORDERED** that Defendant Charles C. McCloskey's motion to dismiss the original complaint is **DENIED as moot**. ECF No. 6.

**IT IS FURTHER ORDERED** that, no later than **21 days** from the date of this Memorandum and Order, Plaintiff shall, in accordance with Federal Rule of Civil

Procedure 4, effect proper service on Defendants Kessler Corporation, David Mark Allen, Paul G. Conley, Lincoln Industrial Corporation, Thomas S. Scott, Scott Allen Sanders, and Ayzik Grach, and file with the Court proof of such service. Failure to comply with this Order may result in the dismissal of Plaintiff's complaint as to these Defendants without prejudice.

                                            AUDREY G. FLEISSIG
                                            UNITED STATES DISTRICT JUDGE

Dated this 12th day of March, 2018.