UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

KERRY S. WELLS,     )
    )
    Plaintiff,     )
    )
    vs.     )     No. 4:17-cv-02709-AGF
    )
KESSLER CORPORATION, et al.,     )
    )
    Defendants.     )

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Charles C. McCloskey's motion to dismiss Plaintiff Kerry Wells's pro se amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). All of the other remaining Defendants have joined in the motion to dismiss.[1] ECF No. 57. The Court heard oral argument on the motion on May 2, 2018. For the reasons set forth below the Court will grant Defendants' motion.

## BACKGROUND

In his pro se amended complaint, Plaintiff asserts patent infringement claims against all Defendants and also a fraud claim against McCloskey. In support of these claims, Plaintiff alleges that he retained the services of McCloskey as a patent attorney to assist him in obtaining a patent for his invention: an "Illuminated Address Sign." Plaintiff

---

[1]     These are Lincoln Industrial Corp., Paul G. Conley, David Mark Allen, Scott Allen Sanders, Ayzik Grach, and Thomas S. Scott (collectively, the "Lincoln Defendants"). Because the Lincoln Defendants also filed answers to the complaint (ECF No. 56), the Court will treat their joinder in the motion to dismiss as a request for judgment on the pleadings under Rule 12(c), Fed. R. Civ. P. 12(h)(2), which is subject to the same standard as a Rule 12(b)(6) motion. *Ashley Cty. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009).

alleges that McCloskey asked Plaintiff to execute a power of attorney granting McCloskey the authority to act on behalf of Plaintiff with respect to the patent application.

According to the complaint, while represented by McCloskey, Plaintiff was awarded a design patent for his invention on December 7, 2010, U.S. Patent No. D628,652. Liberally construed, Plaintiff alleges, upon information and belief, that McCloskey then used the power of attorney to assign Plaintiff's design patent to the Lincoln Defendants without Plaintiff's knowledge or consent, and that the Lincoln Defendants then sold Plaintiff's patented invention. In support of this allegation, Plaintiff alleges that when he called the United States Patent and Trademark Office ("PTO") to discuss his patent, an employee at the PTO, Mary Ann Calabrese, "stated that she couldn't talk to [Plaintiff] because [he] was not one of the assignee[s] on the patent."[2]  ECF No. 37 at 4.

Plaintiff has attached several exhibits to his complaint to support his allegations. The exhibits include McCloskey's correspondence with Plaintiff regarding the patent application and request for a power of attorney; filings McCloskey submitted to the PTO in connection with Plaintiff's patent application; and a screenshot of a PTO online search result for patent assignments, showing that there has been no record of assignment with respect to Plaintiff's patent application. The exhibits also include a screenshot of several pages of Google search results for the search "Illuminated address sign patent D628,677," on which Plaintiff has circled several search results showing summaries of various internet articles. For example, one circled result is an article entitled "U.S. Patents Awarded to

---

[2]     The Court denied Plaintiff leave to amend his complaint in order to assert a cause of action against Calabrese.

Inventors in Missouri (Dec. 14)" from the website www.lyncmigration.com.   ECF No.

37-1 at 16 (Ex. 7).   The excerpted summary depicted in Plaintiff's exhibit states in full:

> Dec 14, 2010 – The U.S. Patent was issued on Dec 7 (No. D628,677).   The co-inventors are Scott A. Sanders Arnold, Mo; Ayzik Grach, Chesterfield, Mo; David Mark Allen … 14 – An inventor has developed an ornamental design for an illuminated sign.   The U.S. Patent was issued on Dec 7 (No. D628,652). The inventor is ..

*Id.* (omissions in original).

As relief for his patent infringement and fraud claims, Plaintiff seeks statutory damages, compensatory damages of $50 million, punitive damages of $5 million, a declaration that McCloskey violated Plaintiff's "attorney/client rights," an order that McCloskey be disbarred or that this Court submit a complaint to the Missouri Supreme Court regarding McCloskey, and an order that McCloskey be prosecuted.

In their motion to dismiss, Defendants argue that Plaintiff's claims are contradicted by the power of attorney, attached to the complaint, which by its terms was limited to the handling of the underlying patent application, expired when the patent was issued, and did not grant McCloskey any power or authority to assign Plaintiff's patent after issuance. Defendants contend that "[i]f such an assignment [of the type alleged] occurred, it could not have occurred pursuant to the June 14, 2010 power of attorney because the scope of said power of attorney did not allow for it, and the power of attorney expired once the patent was issued."   ECF No. 48 at 6.   Defendants further contend that Plaintiff fails to plead sufficient facts in support of a plausible claim for patent infringement.

Defendants also seek their attorneys' fees under 35 U.S.C. § 285, which provides that a court in a patent infringement action "may award reasonable attorney fees to the

prevailing party" in "exceptional cases." 35 U.S.C. § 285. In connection with this request, Defendants argue that "Plaintiff's cause of action is entirely based on his misinterpretation of a Google Search result," which Plaintiff interpreted to establish that his patent had been assigned to the Lincoln Defendants. ECF No. 48 at 10. Defendants assert that had Plaintiff clicked on the links of the condensed Google search result summaries, he would have seen that the articles actually showed that the Lincoln Defendants were issued an entirely different design patent (for a hand pump), patent number D628,677, on the same day that Plaintiff's design patent was issued, and that the Lincoln Defendants assigned *their* design patent to their employer, Lincoln Industrial Corp. Defendants assert that Plaintiff's claims are therefore frivolous. The Lincoln Defendants make the same assertion in their answer to the amended complaint (ECF No. 56), and they attach copies of Plaintiff's design patent for an illuminated sign (D628,652), and their design patent for a hand pump (D628,677), which both state that they were issued on December 7, 2010. ECF Nos. 56-1 & 56-2.

Defendants have also attached to their motion a screenshot of an Internet page from "Skype for Business Industry News Article." ECF No. 48-1. The screenshot depicts an article dated December 14, 2010, entitled "U.S. Patents Awarded to Inventors in Missouri (Dec. 14)," which appears to be the same or a substantially similar article as the excerpted article in the Google search results attached to Plaintiff's complaint. The article lists several patents issued on the same day. It states that the Lincoln Defendants were issued a design patent for "Ornamental Design for Hand Pump" on December 7, 2010, No. D628,677, which they assigned to Lincoln Industrial Corp.; and that Plaintiff was issued a

different design patent for "Ornamental Design for Illuminated Sign" on December 7,

2010, No. D628,652.   *Id.*

## **DISCUSSION**

In reviewing a motion to dismiss for failure to state a claim, the court may properly

consider the pleadings, documents incorporated into the pleadings by reference, and public

records of which the court may take judicial notice.   *Podraza v. Whiting*, 790 F.3d 828,

833 (8th Cir. 2015).   To survive such a motion, a complaint must contain "sufficient

factual matter, accepted as true, to state a claim to relief that is plausible on its face."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).   The court must accept the complaint's

factual allegations as true and construe them in the plaintiff's favor, but it is not required to

accept the legal conclusions the complaint draws from the facts alleged.   *Id.* at 678.

Although a "pro se complaint must be liberally construed," pro se plaintiffs "still must

allege sufficient facts to support the claims advanced," and a district court is not required to

"assume facts that are not alleged, just because an additional factual allegation would have

formed a stronger complaint."   *Stone v. Harry*, 364 F.3d 912, 914-5 (8th Cir. 2004).

Plaintiff's claims are based entirely on his belief that McCloskey unlawfully

assigned Plaintiff's design patent to the Lincoln Defendants.   This belief, in turn, is based

on an alleged statement by a PTO employee that she could not talk to Plaintiff about his

patent and on the summary of Google search results showing incomplete excerpts of

internet articles.   The articles excerpted in the Google search results page are not from the

PTO, and they merely purport to describe various patents issued on a particular day.   They

do not plausibly support Plaintiff's allegation that McCloskey assigned Plaintiff's design

patent. Indeed, the complete article, which Defendants have attached to their motion, as well as the copies of both Plaintiff's and the Lincoln Defendants' separate design patents,[3] make clear that, aside from being issued the same day, the Lincoln Defendants' design patent is wholly unrelated to Plaintiff's design patent.

In short, the complaint and related documents before the Court, including the documents described above and the PTO record attached to Plaintiff's complaint reflecting that no assignment of Plaintiff's design patent has been recorded with the PTO, do not give rise to any plausible inference that Plaintiff's interest in his design patent was assigned to the Lincoln Defendants by McCloskey. The complaint therefore fails to state a cause of action, and the Court will grant Defendants' motion to dismiss. *See, e.g.*, *Kaempe v. Myers*, 367 F.3d 958, 964-65 (D.C. Cir. 2004) (dismissing as implausible a claim for conversion based on an allegation of a patent holder that his attorney caused his patent to be assigned to a corporation without his authorization, where PTO and other records of which the court took judicial notice did not purport to show that any assignment was actually made and instead reflected that no assignment had been recorded with the PTO).

However, the Court will deny Defendants' request for attorneys' fees. As Defendants note, a court may award reasonable attorneys' fees to the prevailing party in a patent case when the case is "exceptional." 35 U.S.C. § 285. "[A]n 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the

---

[3]     These documents are incorporated into the pleadings by reference and, as to the PTO records, are public records of which the Court may take judicial notice.

unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1756 (2014). District courts have discretion to award attorneys' fees on a case-by-case basis, considering the totality of the circumstances, including "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Id.* at 1756 n.6 (quoting *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n.19 (1994)). Some district courts have awarded attorneys' fees under § 285 against a pro se patent litigant whose claims had no evidentiary basis. *See, e.g., Xiaohua Huang v. Huawei Techs. Co.*, No. 215CV01413JRGRSP, 2017 WL 1133201, at *4 (E.D. Tex. Mar. 27, 2017) (collecting cases). But the Court declines to do so under the circumstances here, including not only Plaintiff's pro se status but also the fact that his complaint appears to have arisen from miscommunication with his patent attorney, McCloskey, and the Court's belief that McCloskey could have avoided this situation by communicating better with his client.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' motion to dismiss is granted. ECF No. 47. All claims against all parties having been resolved, the Court will enter a separate Order of Dismissal.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 4th day of June, 2018.